MARY BROWN, Respondent, *v.* THE HANNIBAL & St. JOSEPH RAILROAD COMPANY, Appellant.

1. *Damages — Railroads — Negligence — Trespasses — Contributory negligence.* — Railroad companies are under the same obligations with other persons to use their own property so as not to hurt or injure others, and though a person be injured while unlawfully on their track, or contributes to the injury by his own carelessness or negligence, yet the injury might have been avoided by the use of ordinary care and caution by the railroad company, they are liable for damages for the injury.

2. *Railroads — Public and private crossings — Use of the track.* — A railroad company has a right to stop its train at a public crossing for a reasonable time for proper purposes, but passengers are not obliged to wait until the train is removed; and if the passengers are obliged to cross at other points than the public crossing on account of such obstruction, the company is bound to use ordinary care and diligence to prevent injuries to them; and when persons were in the habit of crossing the track at another than the public crossing, the agents and servants of the company were bound to take notice of the fact and use a precaution commensurate with it.

3. *Damages — Negligence — Weight of testimony — Appeal.* — In this State the question of negligence is a question of fact to be submitted to the jury, and the Supreme Court will not decide upon the weight of evidence in such cases.

*Appeal from Clinton Circuit Court.*

*Hall & Oliver,* for appellant.

I. The fact that other persons crossed the railroad track at an improper place is no excuse for plaintiffs doing the same thing. To cross the railroad track at an improper place was a wrong, and the doing a wrong at one time is no excuse for repeating it.

II. There is no evidence in the case on which to base the first instruction. The evidence shows such negligence on the part of plaintiff as is both "unaccountable and inexcusable." She not only crossed the railroad at an improper place, but she crossed it with a large sun-bonnet drawn over her head, so that she could neither see nor hear. Such carelessness is entirely inconsistent with a right to recover damages founded on the negligence of defendant. It is an act of negligence to cross the track of a railroad at any other than the regular crossing. It is also an act of culpable negligence to cross a railroad at any place, with the sight or hearing obstructed. In this case both these acts occurred, and the court therefore committed error in submitting the case to the jury under said first instruction. (19 Ill. 499; 20 Ill. 478, 487-8; 55 Penn. St. 401; 21 Wis. 257; 1 Allen, 189; 39 N. Y. 366-7; 24 N. Y. 441.).

III. In this case as proved, the defendant was liable only for a willful injury or its counterpart, gross negligence. Nothing is better settled than the right of railroad companies to the lawful use of their roads, without let, hindrance or control of those who have no right to interrupt or molest them. If an adult place himself upon a railroad where he has no right to be, but where the company is entitled to a clear track and the benefit of the presumption that it will not be obstructed, and should be run down, the company would be liable only for willful injury or gross neggence. (47 Penn. St. 301, 303-4; 8 Barb. 379, 380; Shear. & Redf. Negl. 374, note 1; *id.*, § 488; 24 N. Y. 440; 38 N. Y. 443; 39 N. Y. 366-7; 4 N. Y. 530, 532, 540, 541.)

IV. The sixth instruction asked by defendant should have been given. (24 N. Y. 441; 47 Penn. St. 304.)

V. The verdict of the jury was not only without evidence, but it was against evidence. It was manifestly given under prejudice, and should not be permitted to stand. The whole evidence and every part of it shows that plaintiff was guilty of careless ness or recklessness, and that defendant used all due and proper care.

*Wm. Henry, Jr.*, for respondent.

I. The second instruction given for plaintiff below is proper. (Kennedy v. North Mo. R.R. Co., 36 Mo. 351, 364; Johnson v. Hudson River R.R. Co., 20 N. Y. 65; Fero v. Buffalo & State Line R.R. Co., 22 N. Y. 209, and cases cited; Hill. Torts, 340, § 2; 1 Redf. 520, 522; Shear. & Redf. Negl. 18, § 21; *id.* 25, § 24; *id.* 552, § 477.)

II. The third instruction given for the plaintiff below is proper. (Huelsenkamp v. Citizens' Railway Co., 37 Mo. 537, 552-3, and cases cited; Morrissey v. The Wiggins Ferry Co., 43 Mo. 380, 383; Shear. & Redf. Negl. 10, § 10.)

III. The fifth instruction is not erroneous, and might have been much stronger or more favorable to the plaintiff. (Kennedy v. North Mo. R.R. Co., *supra;* 36 Mo. 365; 2 Greenl. Ev. 280, §§ 267-8.)

IV. The court below was clearly right in refusing the sixth and last instruction asked by the defendant. It substantially tells the jury that there can be no recovery for an injury done by a railroad company on its track, where there is no street or road crossing, which is clearly wrong; for even a willful trespasser assumes only the risks which are incident to and ordinarily result from the position in which he places himself — the risk of mere accident — and does not discharge the defendant from the use of ordinary care and prudence. (1 Hill. Torts, 145; Kerwhaker v. C. C. & C. R.R. Co., 3 Ohio St. 172.) The established law in cases like this is that the plaintiff may recover, although a trespasser at the time and contributing to the mischief, if the defendant could, in the exercise of reasonable diligence, have prevented the injury. (Huelsenkamp v. Citizens' R.R. Co, 37 Mo. 537, 553; Morrissey v. Wiggins Ferry Co. 43 Mo. 380-3; Ill. Cent.

R.R. Co. v. Middelsworth, 46 Ill. 494–499 ; Birge v. Gardner, 19 Conn. 507, 511–12 ; Rauch v. Lloyd, 31 Penn. St. 358 ; Kerwhaker v. C. C. & C. R.R. Co. *supra;* Hill. Torts, *supra.*) The defendant should not be heard to complain in this case, of the plaintiff being a trespasser and the author of her own wrong, for she was prevented from crossing the track of the railroad at the only public crossing in the town by defendant's own omission to remove its cars from such crossing. (Morrissey v. Wiggins Ferry Co., 47 Mo. 521.)

V. The court very properly permitted the evidence to go to the jury, that the place where the plaintiff attempted to cross the defendant's railroad and received the injury had long been used by her and the citizens of the town as a crossing, while the public street or highway near by (the only one in town) was obstructed by defendant's engines and cars ; for the evidence showed, or all all tended to show, that it was so obstructed at the time of the injury, which fact the jury, under defendant's instructions, must have found. This evidence not only explained why defendant was there, but was calculated to aid and enable the jury to determine what care and caution she was exercising at the time. Plaintiff's position was caused by defendant's stopping up the highway, which was unlawful as being against public policy. (Rauch v. Lloyd, 31 Penn. 358.)

VI. Taking all the instructions together, they fairly present the law.

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced in the court below by the plaintiff for the purpose of recovering damages for personal injuries. It appears from the record that the plaintiff was in the town of Cameron, and wanted to cross the street where the defendant's track was laid upon the same ; that before she arrived at the crossing she discovered that a train of cars was standing upon the track and the crossing was obstructed, so that she could not pass at that place. She then turned and crossed the track at a different place, where there was no public crossing, but there was a path where people were accustomed to cross occasionally, but it does

not seem that the road had ever authorized anybody to cross at that particular place. When plaintiff went on the track there was an engine and tender standing about six feet distant, and as she had nearly crossed over, the cars commenced moving and the tender struck her, the wheels passing over one of her legs, just above the ankle, crushing it so that amputation became necessary. She swears that no signal was given of the moving of the train, and the first notice she had of the cars moving was being struck by them. There was other evidence tending to prove that no bell was rung when the engine was started. On the other hand, there was evidence going to show that at the time the train was started the bell was rung and the alarm was given. Upon this state of facts the court made the following declarations of law for the plaintiff:

1. "If the jury believe from the evidence that the defendant, through the negligence or carelessness of its agents, and without negligence of plaintiff, inflicted upon the plaintiff the injury as mentioned in the petition, they will find for the plaintiff.

2. "Railroad companies, owing to the dangerous character of the business they engage in, are held to the greatest care in the operation of their machinery and vehicles; and if the jury believe from the evidence that the defendant's agents or servants, in managing the locomotives or other machinery, failed to use such care and caution, by which the injury was done to plaintiff, they will find for plaintiff.

3. "Even if the jury should believe from the evidence that the plaintiff was guilty of negligence or carelessness which contributed to the injury, yet if they further believe from the evidence that the agents or servants of defendant, managing the locomotives or machinery of the defendant with which the injury was inflicted, might have avoided the said injury by the use of ordinary care and caution, the jury will find for plaintiff."

The court gave all the instructions asked for by the defendant except the sixth, which is as follows:

6. "If the jury believe from the evidence that the injury in proof happened on the railroad track of defendant, and where there was no street or road crossing, the plaintiff cannot recover,

because the defendant in the use of its road is not bound to keep a look-out on its own ground, as against those who have no lawful right there, but may use the same for its own lawful purposes ; and any one going on said track where there is no street or road crossing, is there at his own peril and in his own wrong, and therefore cannot recover, because his own wrong has contributed to his own injury."

The point raised in this court, that the evidence did not correspond with the petition, we do not think can be maintained. The allegation in the petition was that the injury occurred at a public crossing, and the proof showed that it happened at a private crossing ; but no objection was made to it on that account in the court below, and no advantage was attempted to be taken in the manner pointed out by statute. (Fischer v. Max *et al.*, 49 Mo. ; Wagn. Stat. 1033, § 1.)

With the weight of testimony we have nothing to do. It is sufficient for us that both parties introduced evidence tending to prove their respective allegations. The authorities mostly cited and relied on by the defendant are from courts where the established law is that the courts themselves determine what is negligence, and take the case from the jury when in their opinion the evidence shows that the plaintiff has been guilty of any carelessness or negligence which contributed to the accident. But in this State a different rule prevails, and where there is any evidence in regard to the issues, the question of negligence must be submitted to the jury under instructions from the court.

To the first instruction given to the jury at the instance of the plaintiff no reasonable objection can be made. It makes the defendant liable if its agents carelessly and negligently inflicted the injury, without the plaintiff being guilty of any negligence which contributed thereto. In reference to the second instruction as applied to this case, there is some doubt. It asserts a correct proposition of law, and if the plaintiff was legally and rightfully on the track, of its application there could be no question. But, owing to the peculiar and clearly proved facts, we think this instruction may very properly be considered in conjunction with the next succeeding or third instruction, which is entirely unobjec-

tionable. (Huelsenkamp v. Citizens' Railway Co., 37 Mo. 537; Morrissey v. Wiggins Ferry Co., 43 Mo. 380 ; 47 Mo. 521.)

The crossing was obstructed by the defendant's train, and the plaintiff, therefore, to pursue her journey, turned away and crossed at another place where people were accustomed to cross, but it does not appear that they had any license therefor.

The defendant had the right to stop its train at the crossing for a reasonable time, but when the train did stop and obstructed the crossing for the purpose of unloading cars, as was the case here, were travelers always obliged to wait before they could continue their business, till the cars were unloaded? While the railroad company is the absolute owner of its track and has the right to its free and unmolested use, still it is not absolved from the exercise of ordinary care and diligence to prevent injury to others when they happen on the track under the circumstances in which the plaintiff was placed. Greater care and foresight must necessarily be used within the limits of a town than would be required in the country. In towns caution should always be used. There is no absolute rule as to negligence to cover all cases. That which is negligence in one case, by a change of circumstances will become ordinary care in another, or gross negligence in a third. Circumstances, time and place must be taken into the account, and the relative degrees of care, or want of it, grow out of the surroundings and conduct of both parties. The degree of care required of persons having charge of locomotives and cars, upon tracks in towns, varies according to the circumstances of the case, and must be proportioned to the danger to be apprehended of inflicting injury upon others. The rule which would apply in one case, or at a certain given time, might be entirely inadequate as a test when applied to a different state of things. As the crossing was obstructed by the act of the defendant, and persons were in the habit of going over the private way, we think that the agents and servants of the defendant were bound to take notice of these facts, and use a precaution commensurate with them.

The instruction refused for the defendant proceeds upon the hypothesis that, as the plaintiff was on the road track where there was no road or street crossing, she cannot recover, whether the

defendant was negligent or not.   This proposition I admit has many authorities to support it.   But a contrary doctrine was quoted approvingly in this court in Huelsenkamp v. Citizens' Railway, *supra*, where cases were cited to show that for an injury negligently inflicted the defendant might be held liable, though the plaintiff was a trespasser.   (See Lynch v. Nurdin, 1 Ad. & El., N. S., 29, per Lord Denman, C. J.; Robinson v. Cone, 22 Verm. 213 ; Birge v. Gardiner, 19 Conn. 507.)

This principle springs immediately out of the common and familiar rule that every person shall use his own property so as not to hurt or injure another.   It is in accordance with this principle that, though a person do a lawful thing, yet if any damage thereby befalls another which he could have avoided by reasonable and proper care, he shall make reparation. / As before remarked, the defendant's right to the exclusive and unmolested use of its railroad track is undeniable.   And we may concede for the argument that the plaintiff had no right to be on the track, and that she was there improperly, and still it does not follow that she can not recover for an injury inflicted upon her negligently.   The right of the defendant to the free, exclusive and unmolested use of its railroad is nothing more than the right of every other land proprietor in the actual occupancy and use of his lands, and does not exempt it from the duty enjoined by law upon every person so to use his own property as not to do any unnecessary or avoidable injury to another.   The fact that one person is in the wrong does not in itself discharge another from the observance of due and proper care toward him, or the duty of so exercising his own rights as not to injure him unnecessarily.   (Kerwhacker v. C. C. & C. R.R. Co., 3 Ohio St. 172.)

The cases are numerous where parties have been held responsible for their negligence, although the party injured was, at the time of the occurrence, culpable, and, in some of the cases, in the actual commission of a trespass.   Thus, in The New Haven Steamboat & Transportation Co. v. Vanderbilt, 16 Conn. 421, the Supreme Court of Connecticut held it to be a principle of law that while a party on the one hand shall not recover damages for an injury which he has brought upon himself, neither shall he

on the other hand be permitted to shield himself from an injury which he has done because the party injured was in the wrong, unless such wrong contributed to produce the injury; and even then it would seem that the party setting up such defense is bound to use common and ordinary caution to be in the right.

In Birge v. Gardiner, 19 Conn. 507, the same court says: "There is a class of cases in which defendants have been holden responsible for their misconduct, although culpable acts of trespass by the plaintiffs produced the consequences." In the case of Bird v. Holbrook, 15 Eng. Com. Law, 91, it was held that where the defendant, who, for the protection of his property, some of which had been stolen, set a spring-gun, without notice, in a walled garden, at a distance from his house, and the plaintiff, having climbed over the wall in pursuit of a stray fowl, was shot, he, the defendant, was liable in damages, although the plaintiff brought the injury upon himself by trespassing upon the defendant's inclosures.

The case of Vere v. Lord Cawdor, 11 East, 568, was an action of trespass for shooting and killing a dog of the plaintiff's, in which it was held that a plea in bar constituted no justification. It set forth that the lord of the manor was possessed of a close, and that the defendant, as his gamekeeper, killed the dog when running after hares in that close for the preservation of hares, the plea not averring that it was necessary to kill the dog for the preservation of the hares, etc. In this case Lord Ellenborough, C. J., said: "The question is, whether the plaintiff's dog incurred the penalty of death for running after a hare in another's ground? And if there be any precedent of that sort, *which outrages all reason and sense*, it is, of no authority to govern other cases."

To the same effect is the case of The Mayor of Colchester v. Brooks, 53 Eng. Com. Law, 376, cited in 1 Smith's Lead. Cas. 132, *a*, where it was held that although the plaintiff was chargeable with wrong and negligence in placing and keeping the deposit of a bed of oysters in the channel of a navigable stream, which created a public nuisance, yet the defendant was not justifiable in running his vessel upon the deposit, greatly injuring the oysters,

when there was room to pass in the stream without it, and the injury could have been avoided by the use of reasonable care and diligence.

These authorities might be greatly multiplied, but a sufficient number have been cited to show the established rule. And in the Ohio case before referred to it is declared by the court that "where a party has in his custody or control dangerous implements or means of injury, and negligently uses them, or places them in a situation unsafe to others, and another person, although 'at the time even in the commission of a trespass, or otherwise somewhat in the wrong, sustains an injury, he may be entitled to redress." This we think is fully as broad as the instructions given in this case. The sixth instruction asked by the defendant and refused by the court was properly refused.

The instructions given for the plaintiff, under all the circumstances of this case, when taken together were not objectionable, and furnish no reason for a reversal. The judgment in the court below having been for the plaintiff, will be affirmed. The other judges concur.