BERTHA HUELSENKAMP, Respondent, *v.* CITIZENS' RAILWAY COMPANY, Appellant.

*Practice—Negligence.*—Negligence and unskilfulness are matters of fact, and their existence is a question for the jury. A court cannot direct a jury that such or such supposed facts show, or do not show, negligence.

*Damages—Negligence.*—In an action against a carrier, under the statute for the better security of life, &c., (1 R. C. 647,) if the deceased was killed by reason of his voluntarily taking an improper or dangerous position by which he lost his life, the carrier is not liable. Dryden, J., dissenting.

*Appeal from St. Louis Court of Common Pleas.*

*Sharp & Broadhead,* for appellant.

I. As was necessary to constitute it a good or legal petition, plaintiff averred that the killing of her husband was by the carelessness and negligent acts and conduct of appellant's agents and employees, and without any fault or want of care

on the part of her said husband. Both of these allegations are put in issue, and both of them must be established by respondent to entitle her to a recovery.

The statute above referred to is declaratory of the common law, providing a remedy to certain relatives in case of death. It does not exempt the person killed from his obligation to care and prudence to avoid injury, nor does it make the railroad liable for any carelessness or negligence if there is also carelessness or fault on the part of deceased. (See the statute above referred to; also, Pierce's R.R. 277; Willetts v. B. & R. R.R., 14 Barb. 585.)

II. It is contended by appellant that the evidence fully establishes, in this case, fault, negligence and recklessness of Huelsenkamp, and no negligence of appellant; and the appellant insists that the whole weight of authority establishes that, even where the injury is caused by the negligence, fault or want of care of each party contributing thereto, there can be no recovery; and to entitle the respondent to a recovery in this case, she must prove that the death of her husband was caused by the fault or negligence of the agents of appellant in charge of its car, and without any fault, negligence or want of care of her husband contributing to his death; and although there may have been fault or want of care of appellant, if the deceased was not free from blame, the appellant is not liable unless the injury was wilfully and intentionally committed. (Pierce's R.R. 272–8; Galena & Chicago R.R. v. Loomis, 13 Ill. 549; Lane v. Crombie, 12 Pick. 177; Atchison v. St. Bt. Dr. Franklin, 14 Mo. 64; Butterfield v. Forrester, 11 Easts. 60; Hening v. Wil. & R. R.R. Co., 10 Ired., N. C., 404; Hening v. N. Y. & E. R.R. Co., 13 Barb., N. Y., 9; Penn. C. R.R. v. Aspall, 23 Penn. 147.)

III. The fourth instruction, as given by the court below, for respondent, is contrary to law. It asserts that if the deceased voluntarily would take a wrong position and recklessly place himself in danger, if he was permitted so to do, then he was " guilty of no misconduct or negligence" in recklessly placing himself in danger. (See authorities above cited.)

The instruction is also fatally wrong in withdrawing from the jury the question of misconduct or negligence, for they are told that if deceased was permitted to stand in a position evidently dangerous and improper and was then killed, then he was guilty of no misconduct or negligence in standing on the step, as a matter of law. (Macon & Western R.R. v. Davis' Adm'r, 13 Geo. 87; 9 Wend. 401; 21 Wend. 615.) Where a child of such tender years as not to possess sufficient discretion to avoid danger is permitted by his parents to be in a public highway, without any one to guard him, and is there run over by a traveller and injured, neither trespass or case lies against the traveller, unless the injury was voluntary or arose from culpable negligence. (5 Barb. 337.)

It must appear that defendant's agents were guilty of negligence, and that plaintiff himself was free from negligence and fault. (8 Barb. 369.)

If plaintiff's own negligence and imprudence contributed to the injury, the railroad is not liable. (8 Penn. 171; 2 McMull. 403; 1 Cow. 78; 6 Hill, 592; 6 Cow. 189; 5 Hill, 282.)

*Lackland, Cline & Jamison,* for respondent.

I. A carrier of passengers is bound to use all care, caution and prudence that human foresight can bring to his aid, and is liable for the least negligence, and must use the highest degree of diligence. (Phil. & Read. R.R. v. Derby, 14 How., U. S., 486; Stokes v. Saltanthall, 13 Pet. 192 — see the instruction given in this case;—Sto. Bail., § 11; St. Bt. New World v. King, 16 How., U. S., 474; Hull v. Conn. River St. Bt. Co., 13 Conn. 327; Fuller & Ux v. Naugatuck R.R. Co., 21 Conn. 565–76; Camden, &c., R.R. Co. v. Burke, 13 Wend. 611–26; McKinny v. Neil, 1 McLain, 552; Maury v. Talmage, 2 McLain, 161; Stockton v. Frey, 4 Gill, 406; Derwart v. Loomer, 21 Conn. 245–53; Bayer v. Anderson, 2 Pet., U. S., 150; Ang. on Car., § 523, 568, 570; Redf. on Railw., § 149, 323; Ingalls v. Bells, 9 Met. 1; Harris v. Caster et al., 1 C. & P. 636.; Christie v. Greggs, 2 Camp. 79; Sharp v. Gray, 9 Bing. 457.)

The deceased was not bound to be on the alert, or to use ordinary care, and to look out ahead, to avoid danger. All that is required of a passenger is that he should not have been guilty of any want of ordinary care and prudence which directly contributed to the injury. To exculpate the carrier, the passenger must have been guilty of negligence, which, in whole or in part, was the proximate cause of the injury. (Red. on Railw., § 150, and cases cited; Pierce on Railw., 276.)

A passenger is not bound to select the safest place. If he is permitted to travel in the baggage car and is injured, the carrier is liable. (Carroll v. N. York & N. Haven R.R. Co., 1 Duer, 580; Zemp v. W. & M. R.R. Co., 9 Rich. 84; Penn. R.R. Co. v. McClosky, 23 Penn. 526; Traw v. Vermont R.R., 24 Vt. 487; Robinson v. Cone, 22 Vt. 213; Berge v. Gardiner, 19 Conn. 507; Linch v. Nurdin, 1 Adol. & El., N. S., t. p. 422.)

II. Although the deceased may have been guilty of misconduct, or failed to exercise ordinary care and prudence while a passenger on defendant's cars, which may have contributed remotely to the injuries or death of deceased, yet if the agents of defendant were guilty of misconduct in the management of said cars, which was the immediate cause of deceased's injuries and death, and with the exercise of prudence by said agents said injury and death might have been prevented, the defendant is liable in this suit. (Red. Railw., 330, § 150; Traw v. Vermont Central R.R., 24 Vt. 487; Zemp v. W. & M. Railw. Co., 9 Rich. 84; Pennsylvania R.R. Co. v. McClosky, 23 Penn. 526; Pierce R.R. Law, 276; Bigby v. Hewett, 5 Excheq. 239; Greenland v. Chaplin, 5 Excheq. 243; Opinion of Pollock, C. B.; Kerwhacker v. C. C. & C. R.R. Co., 3 Ohio, 172; C. C. & C. R.R. Co. v. Elliot, 4 Ohio, 474.)

The above authorities establish the proposition that, although the deceased may have been guilty of remote or indirect negligence, yet if the agents of defendant were guilty of direct or proximate negligence, the plaintiff can recover; and this is the proposition asserted in the above instruction.

III. If the deceased (Huelsenkamp) was killed while being carried as a passenger for hire, upon the defendant's road, and while being so carried was permitted by the agents of defendant to stand on the platform or steps of one of the cars, and to be carried as a passenger in that way, and while standing on said platform or steps was injured or killed by reason of the car upon which deceased was being carried colliding with another of defendant's cars, then deceased was guilty of no misconduct or negligence in standing on said steps. (Carroll v. N. Y. & N. H. R.R. Co., 1 Duer, 571; Zemp v. W. & M. Railw. Co., 9 Richard. 84; Pennsylvania R.R. Co. v. McClosky, 23 Penn. 526; Cullins v. Sch. Railw., 12 Barb. 492.)

Bates, Judge, delivered the opinion of the court.

This suit was brought under the second section of the "Act for the better security of life, property and character," (1 R. C. 647.) The petition states the plaintiff to have been the wife of Charles Huelsenkamp, and the defendant was a corporation engaged in the business of carrying persons as passengers from one point to another in the city of St. Louis, and that the defendant undertook to carry Charles Huelsenkamp safely, for hire, in one of its cars, from one point to another in the city of St. Louis, and while he was so being conveyed, the defendant, by its agents, servants and employees, so carelessly, negligently and unskilfully managed, conducted and controlled the said car, and also one other car on said railroad, that in passing each other in said road they were brought into contact with the body of said Charles Huelsenkamp, without any fault on his part, whereby he was killed, and asks judgment for the forfeited sum of five thousand dollars.

The answer put in issue only the allegations of carelessness, negligence and unskilfulness of the defendant, and of the absence of fault on the part of Charles Huelsenkamp.

At the trial, it appeared that Huelsenkamp was killed during the holding of a fair in the outskirts of the city of St. Louis; that it was after dark, and a great number of persons

were going in from the fair grounds to the city, and crowded upon the car so that it was entirely filled inside, and on the platforms at each end of the car, and on the steps leading down from the platforms, and that deceased was standing on a step and holding on to the car with his hands, and having his body leaning out laterally from the car, and that in passing by another car, which was stationary upon a turn-out, the cars approached so near together that the body of deceased was crushed between them so that he died almost immediately.

At the instance of the plaintiff, the court gave the following instructions:

1. If you find that deceased was, at the time of his death, the husband of plaintiff, and that defendant was a corporation and a common carrier, and that deceased was a passenger on a car of defendant for hire, and the deceased was carried as a passenger upon the steps of a car of defendant, by its agents because there was no room elsewhere for him in or about the car; and if, while the car upon which deceased was being carried was passing another car of defendant upon a turnout in the road the two cars came in collision with each other, or approached each other so near as to kill deceased by jamming or crushing him between the said cars, and such catastrophe was caused by the least negligence, want of skill, or prudence, on the part of defendant's agents in managing said cars, or either of them, and that deceased then and there exercised ordinary care and prudence, as a passenger, then the jury should find for plaintiff, and assess the damages at five thousand dollars. And under the circumstances above stated, although the jury may believe that if the deceased had used extraordinary care, and had been on the alert, and had been looking out ahead for danger, he might have avoided injury, yet his failure so to do furnishes no excuse for defendant, and its liability is not affected thereby.

2. If the jury find the agents of defendant were guilty of negligence in the management of the cars of the defendant, by reason of which two of defendant's cars came in collision

with each other, or came so near each other on the road at a place provided for the cars on the road to pass each other, by reason of which the deceased was injured and killed, and that deceased was then a passenger on defendant's road, and that the deceased was not guilty of any want of ordinary care and prudence which directly contributed to the injury, then the defendant is liable in this suit.

3. Although the deceased may have been guilty of misconduct, or failed to exercise ordinary care and prudence while a passenger on defendant's cars, which may have contributed remotely to the injury or death of deceased, yet if the agents of defendant were guilty of misconduct in the management of said cars, which was the immediate cause of deceased's injury and death, and with the exercise of prudence by said agents said injury and death might have been prevented, the defendant is liable in this suit.

4. If the deceased (Huelsenkamp) was killed while being carried as a passenger, for hire, upon the defendant's road, and that deceased, while being so carried, was permitted by the agents of defendant to stand on the platform or steps of one of defendant's cars, and to be carried as a passenger in that way, and that while standing on said platform or steps the deceased was injured or killed by reason of the car upon which deceased was being carried colliding with another of defendant's cars, then deceased was guilty of no misconduct or negligence in standing on said steps.

5. The court is asked to instruct the jury that the following facts are admitted by the pleadings in the case: 1. That the defendant is a railroad corporation, and is a common carrier; 2. That the plaintiff (Bertha Huelsenkamp) was the wife of Charles Huelsenkamp at the time of his death; 3. That the deceased (Charles Huelsenkamp) was a passenger being conveyed upon the road of the defendant, in or upon one of its cars, at the time of his death; 4. That deceased (Charles Huelsenkamp) was killed at, near or about the cars of the defendant.

And the court, at its own instance, instructed as follows:

1. If the deceased (Huelsenkamp) was killed by reason of his voluntarily taking a dangerous or improper place or position on the car when it was practicable to get into a safe and secure place or position, then the defendant is not liable in this action.

The court gave an instruction asked by the defendant, after interlining the words " and directly," having refused to give it without those words. It is as follows:

1. Unless the jury find from the evidence that the injury and death of Charles Huelsenkamp was occasioned by the negligence, unskilfulness or criminal intent of the agent, servant or employee of defendant, and without any fault or carelessness of said Huelsenkamp, materially " and directly" contributing thereto, they will find for defendant.

The court also refused the following eight instructions asked by the defendant:

1. If the jury believe from the evidence that Huelsenkamp came to his death from injuries occasioned by his occupying a position manifestly dangerous and improper, and voluntarily assumed and retained by him, they should find for defendant.

2. If the jury believe from the evidence that the driver of the railway company was not guilty of any " negligence, unskilfulness or criminal intent," whilst in charge of the same as a driver, they must find for defendant.

3. That the fact of negligence must be inferred from the circumstances of the case, and the jury are at liberty to consider the unusual crowd and attendant confusion at the time of the accident in determining the question of negligence.

4. If the jury find that the deceased was standing on the step of the platform and holding on to the iron railing of the moving car, with his body leaning out from the car, and in that position was carried forward and jammed in between the standing and moving cars and killed, then the jury will find for the defendant, unless they find that he would have been jammed up and killed anyhow, even if he had been standing up straight on the platform step.

5. If the jury find that the car, on its return from the fair grounds to the city, was filled with passengers — more than could be conveniently pulled by the team — and that the driver refused to stop on the switch to take in more passengers; and if the deceased rushed forward and seized on the outside of the car, and while holding on was jammed in between the car standing on the switch and the moving car and killed, then he came to his death by his own fault and the company is not liable.

6. The fact that the driver refused to stop the car to take on passengers was a notification to every one that the company refused to take any more passengers, and if the deceased, in defiance of such fact, pushed forward and seized on the moving car, and being carried on was jammed in between the moving and standing cars, which cars would have passed without touching, then the defendant is not liable.

7. If the jury find from the evidence that Charles Huelsenkamp voluntarily placed himself upon the step of the platform of defendant's car, with his body projected outside of the side and range of the car he was on, and in an improper and dangerous position, and his position was unknown to any of the agents or employees of defendant; that the cars were so placed and managed as that no injury could have happened to him in a proper position on said car, and that the injury and death were caused by his own wrongful position on the step of said car, then plaintiff cannot recover.

8. Although the jury may believe from the evidence that there was some want of care or negligence on the part of the agents or employees of defendant, yet if the jury further find from the evidence that the negligence or fault of Huelsenkamp contributed to his injury and death, then plaintiff cannot recover.

There was verdict and judgment for plaintiff, and defendant appealed.

It will be observed that the only issues were, 1. Was Huelsenkamp's death caused by the negligence or unskilfulness of employees of the defendant? 2. Was Huelsenkamp in any fault?

The statute provides that if the death was from an injury " resulting from, or occasioned by, the negligence or unskilfulness" of the employees of the defendant, the plaintiff shall recover the fixed sum of five thousand dollars.

There was no question but that the death resulted from the injury received by Huelsenkamp, by being crushed between the cars whilst he was a passenger on one of them.

Negligence and unskilfulness are matters of fact, and their existence is a question for the jury. A court cannot direct a jury that such or such supposed facts show negligence, or that such other supposed facts do not show negligence. The instruction given by the court upon its own motion, without determining what is or is not negligence in the defendant's agents, properly recognizes a passenger as a creature with a will to be exercised under the guidance of reason, and, in effect, rightly declares that if his death was caused by his voluntary act the defendant is not liable.

Without going over and commenting upon the instructions given and refused *seriatim*, it is sufficient to say that the fourth instruction given for the plaintiff is erroneous.

It is to be observed that there is no evidence in the case as to any direct permission by the agents of the defendants to Huelsenkamp to occupy any particular place on the car. The pleadings admit that he was being carried as a passenger, but there is nothing in the pleadings or evidence to show a direction or permission to him to stand upon the platform or step, except as it might be inferred from all the circumstances, and as he is regarded as a reasoning being, with power to select, and take, and change his place or position, it is not to be inferred from his occupying a particular place that he did so by permission of defendant's agents, so as to exclude the idea of his voluntarily taking the position which he had.

For the giving of this instruction, the judgment is reversed and the cause remanded. Judge Bay concurs.

DRYDEN. I dissent.