LOYAL P. KELLOGG, Respondent, *v.* OAKES AMES, impleaded, &c., Appellant.

A purchaser of real estate encumbered by a mortgage, whose deed from the mortgagor was subject to the mortgage, which the said purchaser, by a clause in the deed, assumed and agreed to pay as a part of the consideration, and who had, subsequently, actually paid the mortgage to the mortgagee, may nevertheless, having taken an assignment thereof in blank at the time of payment, reissue such mortgage to his creditor in payment of a debt, by filling up the blank in the assignment with such creditor's name, so as to bind the land in the hands of a subsequent purchaser from him with warranty.

Accordingly, D. having bought certain land from P., subject to a mortgage given by P. to B., and it being provided in the deed that D. should assume and pay the mortgage as a part of the consideration money, and D. having subsequently paid up the mortgage to B. in a manner agreed upon between them, B., at the request of D., gave to him an assignment of the mortgage in blank, instead of a satisfaction. D. subsequently reissued the mortgage to the plaintiff, his creditor, in payment of a debt, by filling in the blank in the assignment with the plaintiff's name, and delivering it to him. Subsequently D. sold the land to defendant by deed, with covenants of warranty. In an action brought by the plaintiff against the defendant for a foreclosure of the mortgage,—*Held* (HUNT, Ch. J., and JAMES, J. *contra*), that the mortgage in his hands was a valid lien upon the property in the defendant's hands, and a foreclosure was properly decreed.

(Argued June 19th, 1869; held over the September Term for further consideration, and decided December 23d, 1869.)

APPEAL from an order of the Supreme Court in the first judicial district, reversing a judgment for the plaintiff entered upon the decision of Justice BALCOM without a jury, and ordering a new trial.

The action was for the foreclosure of a mortgage upon certain premises owned by the defendant, Ames, given by one Philbrook to the Messrs. Butterworth, and purporting to be assigned by them to the plaintiff.

The following facts were found by Judge BALCOM on the trial:

1st. That the defendant, George Philbrook, did execute and deliver to Henry H. Butterworth and Theron H. Butter-

worth, for the purpose of securing a part of the purchase, or consideration money of the premises that day duly conveyed to him, a certain bond, bearing date the 7th day of December, 1857, and to become due the 7th day of December, 1859; and that on the same day, George Philbrook did execute, duly acknowledge and deliver to Henry H. Butterworth and Theron H. Butterworth, as collateral security for the payment of the bond, the mortgage in suit. That by a deed, bearing date the 26th day of July, 1858, and recorded September 13th, 1858, George Philbrook, and Annie E., his wife, conveyed the fee of the property above described, to the defendant, Charles Douglass, and that such deed was duly recorded September 13th, 1858, and contained a clause reciting that it was made subject to the mortgage in question, which the said Douglass therein and thereby assumed and covenanted to pay to the Messrs. Butterworth, as a portion of the purchase, or consideration money, for the conveyance of the property from Philbrook; and that at the time of such conveyance, Charles Douglass made a verbal agreement with the Messrs. Butterworth, to pay the mortgage in question in hardware, whenever they should require it.

2d. That Charles Douglass, previous to the 26th day of July, 1859, *paid the mortgage in question to the mortgagees*, he delivering to them from time to time hardware, to the full amount thereof; and that on the 26th day of July, 1859, the bond and mortgage, and an assignment thereof, without any name of the assignee inserted was executed, delivered, and surrendered, by the mortgagees, to Douglass, and no satisfaction piece was given of the mortgage.

3d. That on the 30th day of July, 1859, Douglass delivered to Kellogg & Parker, his stock note for $1,500, and with it and as collateral security therefor, the bond and mortgage, together with assignment, and received as a consideration therefor, his draft on the defendant, Oakes Ames, for $1,500, then held by Kellogg & Parker, and which was under protest; and on the 30th day of August, 1859, Douglass sold and transferred to Kellogg & Parker, the bond and

mortgage, and the assignment thereof (as a valid and subsisting security), for the sum of $2,711.27, that sum being the principal and interest then due on the bond and mortgage; and that $1,500 of such consideration so paid to said Douglass, was paid by surrendering to him said stock note; and that Kellogg & Parker paid Douglass, in full, for the consideration of the bond and mortgage and the assignment thereof, *by canceling debts and evidences of debt they then held against him,* that is to say: I find that Kellogg & Parker allowed said Douglass as much in that way for the bond and mortgage as remained unpaid thereon, together with the accrued interest.

I also find that when the bond and mortgage were sold to Kellogg & Parker, on the 30th day of August, 1859, the name of the plaintiff was inserted in the blank left in the assignment, who then took the bond and mortgage and the assignment, and held the same in trust for the benefit of Kellogg & Parker, and that the assignment was duly recorded on said last named day.

4th. And I do further find, that Douglass represented to the firm of Kellogg & Parker (the plaintiff and his partner), before and at the time they purchased the mortgage of him, that it was a subsisting and valid security; and that they believed it was such until after they took and paid for it as aforesaid, and had the assignment thereof to them recorded, and that they bought and took said mortgage in good faith, and fairly paid therefor; and I do further find that when said Douglass paid the mortgage, and also when he sold the same to said Kellogg & Parker, he elected and intended that the same should not be merged in the superior title, but should be kept alive as a valid and subsisting security.

And I further find that said Charles Douglass did—upon the 8th day of September, 1859, by a deed executed and delivered upon that day, but dated the 2d day of September, 1859, which deed stated it was given in consideration of $8,000—convey the fee of the property covered by the mortgage to the defendant, Oakes Ames; and that upon the day

when the deed to the defendant, Ames, was dated, the mortgage was on record and uncanceled, as well as the assignment of it to the plaintiff; and that the defendant, Ames, took the deed, with notice from and by the record, that the mortgage had not been canceled, or discharged of record; and that before the 8th day of September, 1859, the day the deed was executed and delivered to the defendant, Ames, he had actual notice of the existence of the bond and mortgage in question.

It was proved, on the trial, by the evidence of Douglass and by the admission of the plaintiff's partner, that at the time of the negotiation for the mortgage with Douglass, the plaintiff was expressly informed that Douglass had paid the mortgage, and was bound to do so by his deed; and he was advised by one counsel, that the mortgage was therefore merged, and could not be issued by Douglass; but the judge did not find these facts.

Judgment having been rendered for the plaintiff, on these findings, the General Term reversed it, on the ground that Douglass stood in every respect in the position of a mortgagor, bound to pay off this mortgage; and that his deed on record gave constructive notice to all, that such was his position, and no one could obtain from *him* any valid title to the mortgage, the same having been extinguished by its payment by Douglass. The prevailing opinion of the General Term, also took notice of the fact appearing in the evidence, that the plaintiff had *actual* notice of the payment by Douglass and the alleged merger.

*Richard H. Huntley*, for the appellant, cited *Champney* v. *Coope* (32 N. Y., 543); S. C., 34 Barb., 539; *Mickles* v. *Townsend* (18 N. Y., 575, 572); *Russell* v. *Austin* (Paige, 192); *Spencer* v. *Ayrault* (1 Seld., 204); *James* v. *Morey* (2 Cowen, 246, 285, 309); *Gardner* v. *Asten* (3 Johns. Ch., 53); *Grimstone* v. *Carter* (3 Paige, 421, 436); *Berry* v. *Ins. Co.* (2 Johns. Ch., 608); *Runyan* v. *Mersereau* (11 Johns., 534); *Prescott* v. *Bull* (17 Johns., 284); *Johnson* v. *Hart* (3 John.

Opinion of the Court, per MURRAY, J.

Ca., 322); S. C., 1 Johns., 580; *Martin* v. *Mowlin* (2 Burr., 978); 1 Hill. on Mortgage, 215, 216.

*Samuel Hand,* for the respondent, Ames, cited *Harbeck* v. *Vanderbilt* (20 N. Y., 395); *Mickles* v. *Townsend (supra)*; *Davis* v. *Austin* (1 Ves. Jr., 247); *Matthews* v. *Wallwyn* (4 Ves. Jr., 118); *Marvin* v. *Vedder* (5 Cow., 571); *Angel* v. *Boner* (38 Barb., 429); *Burr* v. *Beers* (24 N. Y., 178); *Kortright* v. *Cady* (21 N. Y., 343); *Stoddart* v. *Hart* (23 N. Y., 556); *Prescott* v. *King* (2 Seld., 147); *Mead* v. *York* (2 Seld., 449); *Marvin* v. *Vedder* (5 Cow., 671); *Chautauqua Co. Bank* v. *White* (2 Seld., 236, 253); *Brewster* v. *Stryker* (2 Comst., 19); *Ryerss* v. *Farwell* (9 Barb., 615); *Jackson* v. *Waldron* (13 Wend., 178); *Martin* v. *Angell* (7 Barb., 407); *Sparrow* v. *Kingman* (1 Comst., 242); *Chauncey* v. *Arnold* (24 N. Y., 330).

MURRAY, J.   On this appeal, this court has only to consider the questions of law raised by the findings of the judge at the trial.   Douglass not being a party to the mortgage, his paying the amount thereof to the mortgagees, and taking an assignment thereof, with the intention and electing that it should not be regarded paid or merged, does not extinguish or cancel it.   (*Champney* v. *Coope,* 32 N. Y. R., 540.)

The appellant took the mortgage, subject to all the equities existing between the mortgagor and Douglass.   (*Mickles* v. *Townsend,* 18 N. Y. R., 575.)   And Douglass having agreed with him to pay the mortgage, Philbrook could have successfully defended against any recovery of judgment for deficiency, for aught that appears in the case; but not having defended, the judgment was properly ordered against him.

Douglass, at the time he sold the mortgage as a valid and subsisting security, and represented to the appellant that it was so, was the owner of the lands mortgaged, and capable of charging them with, or continuing any encumbrance upon them.   He had in his possession this mortgage, fair and correct in form, unsatisfied and uncanceled of record, which he

represents to be, and sells as a valid and subsisting security, and thereby obtains from the appellant the full amount of the mortgage; he certainly must be held to the full legal effect of a parol agreement, that the mortgage should continue a lien upon the premises mortgaged. By such an agreement, had Douglass continued to be the owner of the land mortgaged, in an action brought by the appellant to foreclose the mortgage, he would have been estopped from alleging that the mortgage was not a valid and subsisting security, and a perfect lien upon the premises, or that there were any equities existing between him and the mortgagor, that would prevent a full enforcement of the mortgage against those premises. As between Douglass, when the owner of the land, and the appellant, there could have been no defence to this mortgage. (*Lawrence* v. *Brower*, 5 N. Y. R., 374; *Dalziell* v. *Odell*, 3 Hill, 221; *Frost* v. *Saratoga Mut. Ins. Co.*, 5 Denio, 157; *Lamoreaux* v. *Visscher*, 2 N. Y. R., 278; 6 Hill, 492; 10 Paige, 490.) Such were the relations existing between Douglass and the appellant, on the 8th of September, 1859, when Douglass sold and conveyed, by warranty deed, these lands to the respondent, Ames.

Ames takes the deed, with constructive notice of the existence of this mortgage. It is upon record. He then steps into Douglass' place; he takes his interest and his rights in the land, and no more; the estoppel which was controlling upon Douglass, is also controlling upon him; he has no defence to this action; his only remedy is upon the covenant of warranty of Douglass.

The order of the General Term should be reversed; the judgment of the Special Term affirmed.

MASON, LOTT and DANIELS, JJ., concurred with MURRAY, J., for reversal.

HUNT, Ch. J., read an opinion for affirmance, in which JAMES, J., concurred.

WOODRUFF, J., was for reversal, upon the facts as found; but thought that the evidence established the fact, that the

Statement of case.

plaintiff had notice that Douglass was the owner of the land at the time of the assignment, and was bound to pay the mortgage, and had, in fact, paid it; and if the judge had found this as a fact, the reversal by the General Term would have been right, but as the reversal there was not stated to be upon questions of fact as well as law, this court were bound by the finding, and could not take notice of the evidence.

GROVER, J., concurred with WOODRUFF's view.

Order reversed and judgment for the plaintiff.

NOTE.—The court suspended judgment in this case at the September Term, to enable the respondent to move, at the General Term, to have inserted in the order granting a new trial, that it was granted on questions of fact as well as law. The motion was subsequently made and denied by the General Term.—REP.