HOSPES, *Appellant*, v. ALMSTEDT *et al.*

83 473
66a 530

1. **Mortgage : MERGER.** A mortgage is not merged in the estate by the purchase of the property by the mortgagee at a sale under a junior mortgage, against his intention to that effect.

2. —— : ——. In the absence of evidence to the contrary the mortgagee's intention will be presumed to accord with his interests.

3. **Supreme Court, Practice in.** The Supreme Court will not re-open issues already tried so as to enable a party to present evidence thereon which he omitted to offer at the trial.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Rudolph Schulenburg* and *G. A. Wurdeman* for appellant.

(1) A mere oral delivery, by the receiver without an order of court, previously obtained, or without the sanction of the court afterwards granted, did not give title to the note and deed of trust to Almstedt, but the same is the property of Jecko & Hospes, and in contemplation of law is still in the custody of the court. *Blunt v. Clitherow*, 6 Vesey, 799 ; *Att'y General v. Vigor*, 11 Vesey, 563 ; *Hooper v. Winston*, 24 Ills. 366 ; *Johnson v. Guenter*, 6 Bush 535. (2) The rule is uniform that when two estates join in the same person a merger takes place *eo ipso* and as a matter of law, unless (*a*) it was the intention of the parties at the time to keep the two estates separate ; (*b*) or it was the interest of the parties that no merger should take place ; (*c*) or unless there is an intervening estate. *Wead v. Gray*, 78 Mo. 59 ; *Atkinson v. Augert*, 46 Mo. 515 ; *Cleft v. White*, 15 Bart. 70 ; *Bassett v. Mason*, 18 Conn. 131 ; *Roberts v. Jackson*, 1 Wend. 478 ; 18 Albany Law J., p. 285 ; *Wilhelmi v. Leonard*, 13 Iowa 338 ; *Wickersham v. Reeves*, 1 Iowa 413 ; *Putnam v. Collamore*, 120 Mass. 454 ; 62 Ills. 375 ; *Ætna L. I. Co. v. Com.*, 89 Ills. 170. None of the matters arise in

this case to bring it within the exceptions. Merger takes place as a matter of law ; and to create merger it is not necessary to prove intention, but in order to prevent merger it is necessary to prove intention to keep the two estates separate. *Atkinson v. Augert*, 46 Mo. 515.

*Louis Gottschalk* for respondents.

(1) The evidence shows there was no intention on the part of the mortgagees to merge the deed of trust in their title to the estate. When the purchaser of an equity of redemption takes an assignment of the mortgage, both estates may stand although united in the same person. *Fowle v. Fay*, 62 Ill. 375 ; *Ætna Ins. Co. v. Com.*, 89 Ill. 170 ; *N. Y. Ins. Co. v. Mecker*, 40 N. J. Law 18. Equity will interfere to keep the two titles distinct, unless there is a declared intention in favor of the merger, or unless such an intention can be presumed to exist from the circumstances that such merger would be to the owner's interest. Bispham's Eq. (2nd Ed.) 160 ; *Van Nest v. Lawson*, 19 Barb. 604 ; *Woodward v. Davis*, 53 Ia. 694 ; *State, etc. v. Koch*, 47 Mo. 582 ; *Swope v. Leffingwell*, 72 Mo. 348. (2) Jecko had a right to transfer the note, and Almstedt had a right to sell the real estate under the deed of trust. Jecko had been a partner of Jecko & Hospes. Story on Part., § 328 ; *Tutt v. Cheney*, 62 Mo. 116 ; *Mudd v. Bast*, 34 Mo. 465.

HENRY, C. J.—This cause is here on appeal from the St. Louis court of appeals which reversed the judgment of the circuit court. The case is reported in 13 Mo. App. Rep. 270, in which a full and fair statement of the case will be found. The principal contention is on the question of merger. The court of appeals held, and we think correctly, that the lien of a mortgage is not merged in the title acquired by the mortgagee, at a sale of the mortgaged premises under a junior mortgage, or judgment, when it is his intention that there shall be no merger ; and in the absence of evidence to the contrary,

his intention will be presumed to accord with his interests. In addition to the authorities cited by the court of appeals in support of the proposition, we add the following: *Woodward v. Davis*, 53 Iowa 694; *Simonton v. Gray*, 34 Mo. 50; *Gibson v. Crehore*, 3 Pick. 475; *Eaton v. Simonds*, 14 Pick. 98; *James v. Morey*, 2 Cow. 246; *N. J. Ins. Co. v. Meeker*, 40 N. J. Law 18. Neither courts of law nor courts of equity favor mergers. *Id.* In *Wead v. Gray*, 78 Mo. 59, it was held on the facts of that case, that there was a merger, but it was clearly in the interest of the holder of the notes, and there was no evidence that she desired, or intended to keep the notes alive.

The court of appeals reversed the judgment with directions to the circuit court to "take such further proceeding as to the court may seem proper, touching the ownership and disposition of the note secured by the deed of trust," and plaintiff, appellant here, and, also, in the court of appeals, asked a modification of the judgment so as to allow him an opportunity to adduce evidence of an intention on the part of the holders of said note, that it should be held as paid, merged or cancelled. This was an issue in the cause on which testimony was introduced and Jecko, for the defence, testified that he and his partner, Hospes, wanted the note in order to control the deed of trust and property, and it was not their intention to pay the note, and that they never did, but purchased it to protect their title to the property. Appellant's ground for his motion to modify the judgment was, that his view of the law was, that whether a merger had taken place or not was a matter of law, unless it was the intention, or interest of the party that it should not take place, and that the burden was upon respondent to prove such interest, or intention. Such a plea cannot be entertained in an appellate court, which does not sit to correct the errors into which a party, or his counsel may have fallen, but only those committed by the court. If appellate courts would re-open issues once tried,

merely because one of the parties was ignorant of his right or duty to adduce evidence at his command on the identical issue between the parties, there would be no end to litigation. The judgment of the court of appeals is affirmed.