LUCAS A. SATER, Appellant, v. MINNIE B. HUNT
*et al.*, Respondents.

St. Louis Court of Appeals, May 12, 1896.

1. **Promissory Note, Reissue of**: POWERS OF MARRIED WOMAN.
The maker of a promissory note, who is *sui juris*, may for a consider-
ation reissue it after it has become his property; and under our
present statute a married woman is capable of thus contracting.

2. ———: MERGER OF MORTGAGE. The doctrine of merger will not be
applied by a court of equity to the union of two estates in the same
person, when it would conflict with the intention, or be against the
interest, of such person. Accordingly, when the owner of land,
which he has mortgaged to secure his promissory note, reacquires the
note and has it and the mortgage assigned to him and then reissues
both for value, the mortgage will not be treated as merged or extin-
guished by a court of equity in an action against him for its
foreclosure.

*Appeal from the Lawrence Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*W. B. Skinner* and *Henry Brumback* for appellant.

No brief filed for respondent.

BIGGS, J.—On the first day of September, 1890, the defendants, Minnie B. Hunt and Samuel L. Hunt, her husband, executed and delivered to R. S. Jacobs their negotiable note for $250, due one year after date, with interest from date at the rate of ten per cent per annum. To secure this note the defendants executed and delivered a mortgage on certain real estate, the property of the wife. The note bears the following indorsements, to wit:

"I assign the within note, and the mortgage securing the same, to Mrs. S. A. Davis without recourse on me either in law or equity, September 17, 1890.

"R. S. JACOBS."

"I assign the within note, and the mortgage securing the same, to Mrs. Minnie Hunt, without recourse on me in law or equity, November 28, 1890.

"S. A. DAVIS."

"Pay Lucas A. Sater.

"S. L. HUNT,
"MINNIE B. HUNT."

The plaintiff instituted the present action of foreclosure, alleging in his petition the execution and delivery of the note and mortgage by the defendants; that Jacobs, the payee, subsequently sold and transferred the note and mortgage to Mrs. S. A. Davis, who in turn assigned them to the defendant, Minnie B. Hunt, and that subsequently for a full and adequate

consideration the defendants reissued and delivered the note and mortgage to the plaintiff. It is then averred that the note is past due and unpaid, and judgment is asked against both defendants on the note, and that their equity of redemption in the mortgaged premises be foreclosed and the same sold to satisfy the judgment.

Samuel L. Hunt made default, and Minnie B. interposed a demurrer, which the circuit court sustained. The plaintiff having refused to amend his petition, final judgment was entered on the demurrer in favor of the wife. Subsequently a judgment was rendered against the husband for the amount due on the note, and also foreclosing the mortgage as to him. The plaintiff has appealed, and complains of the action of the court sustaining the demurrer of Mrs. Hunt.

The respondents have failed to file briefs in this court; so we are not advised of the views entertained by the learned trial judge as to the liability of Mrs. Hunt.

The general rule is unquestioned that the maker of a note who is *sui juris* may reissue it for a consideration, and he will be as effectually bound as in the first instance. That Mrs. Hunt, although a married woman, could bind herself in contract as if she were a *femme sole* can not be questioned. Our statute, which was in force at the time of the execution of the note and its alleged reissue, provides that "a married woman shall be deemed a *femme sole* so far as to enable her to carry on business on her own account, to contract and be contracted with, to sue and be sued, and to enforce and have enforced against her property such judgments as may be rendered for or against her, and may sue and be sued at law or in equity with or without her husband being joined as a party." Hence, the conclusion is

VOL. 66 app—34

unavoidable that under the allegations in the petition the plaintiff was at least entitled to a personal judgment against Mrs. Hunt. Was he entitled to a judgment of foreclosure against her is the remaining question.

The question last suggested involves the law of merger as applicable to land titles. That rule is that, where the greater and less estate meet in the same person and in the same right, the lesser estate is immediately annihilated or merged. This rule at law is inflexible, but, where the merger is manifestly against the intention of the person in whom the two estates unite, or is against his interest, a court of equity will decree against it. *Hospes v. Almstedt*, 13 Mo. App. 270; s. c., 83 Mo. 473; *James v. Morey*, 2 Cowen, *loc. cit.* p. 285; *Champney v. Coope*, 32 N. Y. 543; *Kellogg v. Ames*, 41 N. Y. 259; *Mickles v. Townsend*, 18 N. Y. 582; *Webb v. Meloy*, 32 Wis. 319; *Powell v. Smith*, 30 Mich. 451; *Compton v. Oxenden*, 2 Ves. 264. When Mrs. Hunt received back the note, both the legal and equitable title of the mortgaged premises united in her, and under the rule stated a merger of the two estates would have taken place, thereby extinguishing the mortgage, had it not been that she manifested a clear intention that such should not be the result of her acquisition or payment of the note. The facts that she took an assignment of the note to herself, instead of canceling it, and subsequently negotiated it, is conclusive proof of such an intention. Therefore, for the protection of the plaintiff a court of equity will interpose to prevent a merger, and it will preserve intact the security of the mortgage, if it be shown that the plaintiff is a *bona fide* holder and purchaser of the note, and that he purchased on the faith of the security of the mortgage. The same question is so decided in the cases of *James v. Morey*, *supra*, and *Champney v. Coope*, *supra*, and it is substantially so ruled in *Kellogg*

*v. Ames, supra.* In these cases the bonds and mortgages had been reissued after the bonds had come into the possession of the persons who were primarily liable for their payment, and it was held that the mortgages remained valid as securities for the debts.

Our conclusion is that, if the allegations of the petition are true, the plaintiff is entitled not only to a personal judgment against Mrs. Hunt, but also to a judgment of foreclosure as against her, and, therefore, the action of the court on the demurrer was erroneous, and for this its judgment must be reversed and the cause remanded. All the judges concur.