MICHAEL BURNS, Respondent, *v.* THE BELLEFONTAINE RAILWAY COMPANY OF ST. LOUIS, Appellant.

1. *Damages — Negligence — Street car — Passenger — Front platform.* — At common law, the fact that a street railway passenger voluntarily puts himself on the front platform of the car, when there is room inside, will not absolve the company from liability for injuries there received by him.

*Appeal from St. Louis Circuit Court.*

*Krum & Patrick,* for appellant.

*Bakewell & Farish,* for respondent.

The liabilities of the company attach, though the passenger was riding on a free ticket. (1 Redf. 184, § 176.)

ADAMS, Judge, delivered the opinion of the court.

The plaintiff recovered a judgment for damages growing out of injuries to plaintiff in getting off the front part of one of its cars. There seems to have been some defect in the brakes, so that in going down a steep grade the cars could not be stopped by the use of the brakes, and the defendant was seriously injured in trying to save himself by getting off the car. He was on the car as a free passenger, and when he entered the car he passed through it and stood with the driver, without any objection from him, on the front platform. When the horses commenced running, the

driver jumped off to stop them, and the plaintiff took the reins and endeavored to stop the car by using the brake, but to no purpose.

Instructions were asked and given in behalf of both parties on the question of negligence and defect in the car, and contributive negligence of plaintiff. These instructions, to my mind, presented the case fairly to the jury.

The only material question is whether, as a matter of law, the fact that the plaintiff voluntarily put himself on the front platform, when there was room inside the car, absolved the defendant from liability. This question is presented by the refused instructions asked by the defendant. The question of negligence is for a jury to decide from the facts and circumstances detailed in evidence. Whether the front platform was a more dangerous place than inside the car, is not a question of law, but of fact for a jury. If it be conceded that the front platform was more dangerous, yet the plaintiff was there without any objection by the defendant or its agent. The defendant had the right to carry passengers on the platform, and passengers might stand there by the consent of defendant's agent. In this case there was no objection at all by defendant's agent to the plaintiff standing on the platform.

In the case of McKéon v. Citizens' Railway Co., 42 Mo. 79, a special act of the Legislature entitled "An act concerning street railroads in the city of St. Louis," approved January 16, 1860, was set up as a defense in the answer and relied on as exempting the railroad company from liability. This act provided that "said railroad companies shall not be liable for injuries occasioned by the getting off or on the cars at the front or forward end of the car." Under this act, if the party complaining received the injury by getting on or off at the front end, then, as a matter of law, under this act he was prevented from recovering. This railway company is not one of the street railroads referred to in that act, and is not protected by its provisions. The defendant does not plead exemption by virtue of this act or any other act of the Legislature, but looks to the common law as affording the same protection, and asks the court to declare, as a matter of

law, that contributive negligence on the part of the plaintiff is to be presumed from his getting off at the front end of the car. This is not the law as applicable to this case.

Let the judgment be affirmed. The other judges concur.