23 361,
106m543
23 361
67 112

ALBERT GERSTLE, Respondent, v. THE UNION PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 22, 1886.

NEGLIGENCE, WHETHER BEING ON THE CAR PLATFORM IS—CASE ADJUDGED.—It is not negligence, as a *matter of law*, that a passenger should be or remain on the platform of a car for a time, though

there be seats inside, in the absence of a law or regulation against it. But it is proper, in such a case, for the court to submit to the jury, whether under all the circumstances, the plaintiff was in the exercise of due care, when he met with the accident. *Held*, that instructions embodying this view, were properly given, and those antagonizing it were properly refused.

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Affirmed.*

The case and facts are stated in the opinion.

JOHN W. BEEBE, for the appellant.

The court erred in giving instructions for plaintiff against defendant's objection, and in refusing instructions offered by defendant.

GAGE, LADD & SMALL, for the respondent.

I. The instructions asked for by defendant and refused by the court, all, in effect, declared as *matter of law*, that plaintiff was guilty of contributory negligence in being on the platform when the train was in motion. Those given by the court left it to the jury to determine whether he was, under the circumstances, guilty of negligence. The court was clearly right in submitting the question of negligence *to the jury* in this case. *Doss v. Railroad*, 59 Mo. 27; *Kelley v. Railroad*, 70 Mo. 607; *Chetworthy v. Railroad*, 80 Mo. 223; *Goodrich v. Railroad*, 29 Hun [N. Y.] 50; *Maguire v. Railroad*, 115 Mass. 239; *Burns v. Railroad*, 50 Mo. 139.

II. If plaintiff was guilty of negligence in being on the platform at the time he was injured, that negligence was not, in any legal sense, a cause of the injury. If he was negligently there, such negligence may be said to have contributed directly to any injury he might have received from any defect in the platform, or from the motion of the train, but surely not to an injury such as he sustained, the cause of which, namely, the negligent

act of the conductor, was wholly independent of and disconnected from any act of the plaintiff. Wharton on Neg. [2 Ed.] sects. 302-324.

ELLISON, J.—The evidence in this case shows that the respondent received the injuries for which the suit is brought, under the following circumstances: He was a traveling man, and a passenger on defendant's train from Hays City, Kansas, westward. This train stopped at Ellis for supper. Before its arrival at Hays, some tramps were discovered stealing their passage on the train. After his supper at Ellis, being just after dark in the evening, the respondent seated himself in the smoking car, which was next to the baggage car, and the train started. The train men immediately discovered the same tramps on the first platform of the baggage car, and before it had gone fifty yards, stopped the train and put them off. The tramps ran forward, crossed a bridge, and as the train crossed, again jumped on the same platform. The train was again stopped, and they were again put off. This was repeated several times; during this time the conductor had fired a pistol one or more times to scare them away. At some time after the first stoppage the respondent rose from his seat, went forward to the platform, and standing on the rear platform of the baggage car, looked forward to see what was going on. Finally the train again started, the conductor and train men being still on the ground beside the cars, and the respondent started to return to his seat in the smoking car. As he was passing from the platform of the baggage car to that of the smoking car, the conductor, holding his lantern in one hand and his pistol in the other, caught hold of the railings and swung himself upon the steps, his pistol was exploded as his hand holding the pistol struck the rail, the ball entering the mouth of respondent, seriously injuring him.

At the close of plaintiff's case, defendant offered a demurrer to the evidence, which was overruled. After

the close of defendant's evidence, it offered several instructions declaring in effect that plaintiff's being on the platform was contributory negligence sufficient to prevent his recovery. These were refused. Defendant tried the case below on the theory that it was responsible for the conduct of the conductor in the use of a pistol, and having done so, we raise no question in that regard. The instructions given for plaintiff and defendant submitted to the jury whether plaintiff's being on the platform of the car, under the circumstances, was such negligence as contributed to the injury complained of. There was a verdict for plaintiff, and defendant appeals.

There is no proof in this cause of any statutory regulation of the state of Kansas as to the right of passengers to be upon the platform of cars. Neither is there any proof of plaintiff being aware of any regulation, in that regard, by the railway company. The defendant's demurrer to the testimony, and the complaint urged against the trial court's action in refusing its instructions, in effect, presents the question whether being on the car platform, though there be seats inside, in the absence of law or regulation against it, is negligence *per se.*

The question has been determined in other tribunals in this and other states, that it was not negligence as a matter of law. *Burns v. Railroad,* 50 Mo. 139 ; *Goodrich v. Railroad,* 29 Hun, 50 ; *Maguire v. Railroad,* 115 Mass. 239. In each of these cases it was held to be error for the court to declare as matter of law, such act on the part of plaintiff to be negligence and held proper for the court to submit to the jury whether under all the circumstances the plaintiff was in the exercise of due care when he met with the accident. The cases of Burns and Maguire were for injuries on street cars, while that of Goodrich was on a railway, and it was said in the latter case, quoting from an opinion of the New York court of appeals, that "it is settled that independent of the mandate of the statute, it is not, even in the case of steam

cars, negligence *per se* for a passenger to stand upon the front platform of a moving car."

Our conclusion is that the instructions offered by defendant were properly refused, and those granted plaintiff were properly given, and we, therefore, affirm the judgment. All concur.