J. W. CHOATE, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, May 4 and June 15, 1896.**

1. **Carriers:** PASSENGER: CARE. It is held that the plaintiff in this action at the time of his injury was the passenger of the defendant and entitled to care as such.

2. **Trial Practice:** DEMURRER TO EVIDENCE. Where there is evidence tending to establish the material allegations of the petition, the case should go to the jury.

3. **Contributory Negligence:** COMMON LAW: JURY. At common law a passenger's standing on the platform of a car would not be considered negligence *per se* but should go to the jury.

4. ———: JURY: CROWDED CAR. Section 2587, Revised Statutes, 1889, does not make a passenger guilty of contributory negligence for standing on the platform of a car when the car is crowded so that he can not obtain a seat.

5. ———: STATUTE: SEAT: INSTRUCTIONS. The proviso to the above section means a seat for the passenger and not standing room in the passage way; and the court passes upon instructions relating thereto.

*Appeal from the Bates Circuit Court.*—HON. J. H. LAY, Judge.

AFFIRMED.

*R. T. Railey* for appellant.

(1) There was no legal negligence shown against defendant, and the court should have accordingly directed a verdict for defendant. *Hite v. Railroad,* 31 S. W. Rep. (Mo.) 263, 264; *Hite v. Railroad,* 32 S. W. Rep. (Mo.) 33, 34; *Weaver v. Railroad,* 60 Mo. App. 207; *Saunders v. Railroad,* 60 N. W. Rep. (S. D.) 148; *Mitchell v. Railroad,* 51 Mich. 238. (2) The undisputed evidence in the case shows that the plaintiff was guilty of contributory negligence. *Lane v. Railroad,* — Mo. —; *Kelsay v. Railroad,* 30 S. W. Rep. (Mo.) 339; *Hayden v. Railroad,* 28 S. W. Rep. (Mo.) 74; *Carroll v. Railroad,* 107 Mo. 660; *Hicks v. Railroad,* 46 Mo. App. 310; *Weber v. Railroad,* 100 Mo. 204; *Henry v. Railroad,* 76 Mo. 294, 295; *Smotherman v. Railroad,* 29 Mo. App. 265; *Harris v. Railroad,* 89 Mo. 233; *Harris v. Railroad,* 40 Mo. App. 262, 263; *Boyd v. Springfield,* 62 Mo. App. 458; *Boyd v. Railroad,* 105 Mo. 372; *Powell v. Railroad,* 76 Mo. 80; *Yancey v. Railroad,* 93 Mo. 433; *Lenix v. Railroad,* 76 Mo. 86; *Gunderman v. Railroad,* 58 Mo. App. 383, 384; *Snowden v. Railroad,* 151 Mass. 222, 223; *Hickey v. Railroad,* 14 Allen (Mass.), 429; *Harper v. Railroad,* 32 N. J. Law, 90; *Malcom v. Railroad,* 44 Am. and Eng. R. R. Cases (N. C.) 379; *Railroad v. Hoosey,* 6 Am. and Eng. R. R. Cases (Pa.), 454; *Torrey v. Railroad,* 174 Mass. 412, *Worthington v. Railroad,* 64 Vt. 104; s. c., 52 Am. and Eng. R. R. Cases, 384; *Goodwin v. Railroad,* 52 Am. and Eng. R. R. Cases (Me.), 380; *Fisher v. Railroad,*

58 Am. and Eng. R. R. Cases (W. Va.), 337; *Graville v. Railroad*, 105 N. Y. 525.

*Graves & Clark* for respondent.

(1) "If the passenger can not obtain a seat in the car, he can not be said to be wanting in prudence if he stand upon the platform on the outside of the car. Hutchinson on Carriers, sec. 635; *Colegrove v. Railroad*, 20 N. Y. 492; *Willis v. Railroad*, 34 N. Y. 670, 32 Barb. 398; *Sheridan v. Railroad*, 36 N. Y. 39; *Clark v. Railroad*, 36 N. Y. 135; *Railroad v. Werle's Adm'r*, 98 N. Y. 650; *Dewire v. Railroad*, 148 Mass. 343; *Zemp v. Railroad*, 9 Rich (Law), 84; *Dickinson v. Railroad*, 53 Mich. 43; *Flick v. Railroad*, 134 Mass. 480; *Lynn v. Pac. Co.*, 36 Pac. Rep. (Cal.) 1018; *Railroad v. Shaffer*, 36 N. E. Rep. (Ind.) 861; *Morris v. Railroad*, 68 Hun, 39; *Railroad v. Meyer*, 10 C. C. A. 485, 62 Fed. Rep. 367. (2) There was legal negligence shown against the defendant. (3) But it is sufficient to say that there was substantial evidence upon which to submit the question to the jury, and they having passed upon it and found against appellant, this court can not review the testimony and usurp the province of the jury. *Dilly v. Railroad*, 55 Mo. App. 123; *Larson v. Railroad*, 110 Mo. 234; *Cohn v. Kansas City*, 108 Mo. 387; *Donovan v. Ryan*, 35 Mo. App. 160; *Green v. Railroad*, 60 Mo. App. 311; *Reid, Murdock & Co. v. Lloyd*, 61 Mo. App. 646, 648; *Case v. Railroad*, 60 Mo. App. 185; *Schroeder v. Railroad*, 108 Mo. 322; *McCarty v. Ins. Co.*, 45 Mo. App. 373. (4) It was not contributory negligence to be upon the platform of the car under the circumstances of this case. *Gerstle v. Railroad*, 23 Mo. App. 361; *Burns v. Railroad*, 50 Mo. 139; *Bonner v. Glenn*, 15 S. W. Rep. (Tex.) 572.

GILL, J.—Defendant has appealed from a verdict of $500 awarded to the plaintiff by reason of personal injuries received in a fall from the platform of a passenger coach, on August 24, 1894. The petition, in substance, alleges that on the morning of that day the plaintiff bought at Butler, Missouri, a round trip ticket over defendant's road to Rich Hill, where a fair was in progress; that he went from Butler to Rich Hill over defendant's road, and at about 8:40 P. M. the same day, he came to the depot at Rich Hill, intending to return to Butler. When he arrived at the depot he found the train standing at the platform. Finding, as he alleges, the steps and platforms of the forward cars crowded with people, he passed along the platform of the depot beside the train until he came to the rear chair car—the last car of the train except the sleeper. Entering the smoking compartment of this car, he found it, as he claims, also crowded with people, and on account of the crowded condition of the train he was compelled to, and did, take a position on the rear platform of said chair car. That after he had assumed this position, the defendant undertook to attach another car to the train, and carelessly and negligently backed said train at a rapid rate of speed against another car, and with such violence that he was knocked from his position on the platform to the ground, whereby his arm was broken at the elbow, etc.

The answer, besides a general denial, charges the plaintiff with contributory negligence in trying to board the train while it was in motion; and further, that plaintiff was voluntarily standing upon the platform of the coach in violation of the printed rules of the company posted in a conspicuous place on the outside of the platform and in the car, and in violation of section 2587, Revised Statutes.

The reply was a general denial of the new matter set up in the answer.

It is suggested in defendant's brief that plaintiff was not, at the time of receiving the injuries, a passenger on defendant's train. If plaintiff's evidence is to be at all credited, there is no merit in this objection. He had contracted with defendant to be carried from Rich Hill to Butler; had bought and paid for a ticket and had, in good faith, entered the train, standing at the depot, and which had been prepared for the carriage of himself and others. Plaintiff having secured a ticket and put himself in charge of the defendant's trainmen to be transported from Rich Hill to Butler, it is clear that the relation of passenger and carrier was established. Buswell on Personal Injuries, sec. 114; Hutchinson on Carriers, sec. 565. This is, however, important only in fixing that measure of care which was imposed on the defendant. If a passenger, plaintiff was entitled to receive from defendant that highest degree of care which is imposed on the carrier, for the safety of those it undertakes to transport. Hutchinson on Carriers, sec. 553.

It is, however, insisted that the plaintiff made no case; that a demurrer to the evidence ought to have been sustained, because, *first*, there was a failure to prove negligence on defendant's part, and, *second*, that plaintiff was himself guilty of negligence which directly contributed to his injuries.

The defendant's negligence complained of in the petition was, that it failed to provide suitable accommodations for those it undertook to carry; that by reason thereof plaintiff, with others, was forced to occupy the coach platforms, and that, while there, the trainmen so carelessly handled the train, while coupling on another car, as to knock or jolt the plaintiff off. There was testimony tending to support each of thsee

allegations. It was, in substance, shown: . That to encourage travel to the fair, then conducted at Rich Hill, the defendant had advertised for and solicited patronage on its line; that large numbers of people had attended during the week (this plaintiff was injured on the last day), and that the defendant had reason to anticipate a heavy travel; that on this evening, just after dark, the train was placed at the depot platform and was soon filled to its utmost capacity, all the seats being occupied, and besides, large numbers standing in the aisles, passage ways, and on the outside platforms; that plaintiff came to the depot provided with a ticket to Butler, and after vainly trying to find a seat inside the cars, stepped out onto the platform intending to seat himself on the steps thereof; that just as he got out on the platform, the train suddenly and violently collided with an extra car which the trainmen were attaching thereto, and the jar was so severe as to throw plaintiff off the car and down an embankment, resulting in the fracture of his right arm.

Aside, now, from the duty of the defendant to provide suitable accommodations for the passengers it had invited, the plaintiff's evidence tended to establish a negligent handling of the train, while coupling on the additional car. In the light of the testimony given by several passengers then on the train, the jury was justified in finding that the jolt attending the coupling was unusual and unnecessarily severe. Several passengers testify to having been so jostled and shaken up as to loose their seats. As to what is proper care in a given case, the circumstances should be considered. Here was a train loaded down with people, many standing in the aisles and on the platforms; and even *ordinary* care would suggest that the train should be carefully handled so as to avoid injury to those occupying it. The defendant's employees in charge of the train could

not but see the situation of the passengers, and so seeing, must have known that a violent jar, or unexpected collision would probably injure some of those in their charge. Even ordinary care and prudence would have suggested that the coupling should be done with only such jolting as was reasonably necessary. Defendant's employees were, however, bound to exercise more than ordinary care. This plaintiff and others there on the train were defendant's passengers, occupying its train by request, and under contract for safe carriage. Defendant owed the plaintiff and the other passengers the use of the greatest practical care, not only in providing safe and sufficient means of transportation, but the same degree of care in the management thereof. We think, then, there was ample evidence to take the case to the jury on the question of defendant's negligence.

It is, however, contended that plaintiff can not recover because he was himself guilty of contributory negligence. In this connection defendant pleaded, as a defense, section 2587, Revised Statutes, 1889, which provides that "in case any passenger on any railroad shall be injured while on the platform of a car  *  *  * in violation of the printed regulations of the company, posted up at the time in a conspicuous place inside of its passenger cars then in the train, such company shall not be liable for the injury; *provided*, said company, at the time, furnished room inside its passenger cars sufficient for the proper accommodation of the passengers." The evidence showed that the defendant had posted in its cars the customary reminder to passengers not to occupy the platforms.

Regardless, now, of this statute, and under the common law, it seems to have been generally held that it should not be considered negligence *per se* for a passenger to ride on the platform of a car. But that it is

a question for the jury to consider and pass on in the
light of the circumstances in each particular case.
Hutchinson on Carriers, sec. 652; *Burns v. Railroad,*
50 Mo. 139; *Gerstle v. Railroad,* 23 Mo. App. 361;
*Willmott v. Railroad,* 106 Mo. 535.

Mr. Hutchinson says: "Whether standing upon
the platform of a railway car voluntarily, and without
any necessity for so doing, would be evidence of the want
of such due and reasonable care on the part of the pas-
senger as would exonerate the company from liability in
case of an accident resulting in his injury, would, of
course, depend upon all the circumstances, and would
be the proper subject of inquiry by a jury. It would,
perhaps, depend to a great extent upon the speed of
the train and other considerations which would come
peculiarly within the province of the jury." The mere
circumstance, then, that plaintiff was, at the time, on
the platform, will not be held as conclusive proof of
negligence on his part. But under the provisions of
the statute above quoted, the risk of riding on the plat-
form may be cast upon the passenger, *provided,* how-
ever, the railroad company, at the time, shall have
"furnished room inside its passenger car sufficient for
the proper accommodation of the passenger."

Plaintiff's evidence tended to prove that there were
not proper accommodations inside the defendant's cars.
Not only were the seats occupied, but the passage ways
and aisles were, to a large extent, taken up. In this
view of the testimony, we find among the cases cited,
*Willis v. Railroad,* 34 N. Y. 670, where the New York
court of appeals, in an able opinion, discusses the
identical statute we have in this state and applies it to
similar facts. Our statute is an exact copy of that in
New York. In the opinion, after quoting the statute
and calling particular attention to the obligation of the
company to provide suitable accommodations inside

the cars for its passengers, it is said: "The proviso contained in the section above transcribed was not complied with by the defendant in the present case. 'Room inside the cars sufficient for the proper accommodation of passengers,' means a *seat* for each passenger, not standing room in the passage way.  *  *  * Standing room in the passage way is not proper accommodation for a passenger. That part of the car is just what its name indicates—a *way* through the car. Each passenger seated in the car has a right to pass along the way at any and all times, and he therefore has a right to insist that it shall be, at all times, open and unobstructed. The company can not rightfully compel a passenger to stand in it, instead of furnishing him with a seat.  *  *  *  It was the fault of the company and not of the plaintiff that he was on the platform when he was injured. He was there simply because the company had not furnished proper accommodations for him inside of the car, and for that reason the company can not avail itself of the statute."

The case just quoted from furnishes a satisfactory answer to the suggestion that there was standing room inside the car on which plaintiff was riding, and of the complaint made of the court's refusal to give the defendant's eighth and ninth instructions.

Neither is there any just ground to complain of plaintiff's second instruction, which reads as follows: "The court instructs the jury that if you find and believe from the evidence, that on the morning of the twenty-fourth day of August, 1894, the plaintiff purchased of defendant's agent, at Butler, Missouri, a round trip ticket over defendant's road from Butler, Missouri, to Rich Hill, Missouri, and return, and during the evening of said day went to defendant's depot at Rich Hill, to take passage upon one of its regular trains

for the purpose of returning to Butler, and you further find that when plaintiff arrived at said depot, said train was standing by the depot platform in a position to receive passengers, and that the plaintiff then boarded said train for the purpose of returning to Butler, and you further find that the defendant negligently failed to furnish to the plaintiff a car or cars with sufficient room inside of the same for the proper accommodation of the plaintiff and the other passengers therein, and that the plaintiff for that reason undertook to find a seat upon the platform of the car; and you further believe from the evidence that said plaintiff in seeking a seat upon the platform of the car exercised ordinary care, that is to say, such care as an ordinarily prudent man would exercise under the same or similar circumstances, and that while so doing the defendant, by and through its agents and employees, carelessly and negligently coupled or attached a car to said train with great force, or with unusual force, so as to produce great or unusual jostling and jolting in the car upon which the plaintiff was riding, and the plaintiff was thereby thrown or jostled from the car to the ground and injured therefrom, then your finding should be for the plaintiff, in such sum," etc.

This was a fair presentation of the law as applied to the facts which plaintiff's evidence tended to prove. There is no substantial conflict between this and defendant's number 7, which told the jury that: "Unless the jury believe from the preponderance of the evidence that the car which was taken from the Joplin train was coupled to the Kansas City train in such an unusual and violent manner as to jeopardize the safety of the passengers in the cars of defendant; and that the manner in which said cars came together caused the plaintiff to be thrown from the train, without any fault or

negligence on his part, your verdict must be for defendant."

After a thorough consideration of all the points made in counsel's brief, the principal of which have been here noticed, we discover nothing to justify us in disturbing the judgment, and it will therefore be affirmed. All concur.