GEORGE EDWARDS, by next friend, Respondent, v.
METROPOLITAN STREET RAILWAY CO., Appellant.

**Kansas City Court of Appeals, May 22, 1905.**

1. **NEGLIGENCE: Scienter: Turntable: Instruction.** An instruction submitting the whole case which omits the hypothesis of defendant's negligence or its knowledge that a turntable was unfastened and being revolved by children, is error.

2. **————: Infant: Instruction.** It is proper to submit to the jury the age and capacity of a child in passing upon the question of its exercising proper care.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,*
Judge.

REVERSED AND REMANDED.

*John H. Lucas* for appellant.

(1) The court erred in its refusal to sustain the demurrer of the defendant to the evidence of plaintiff, and in its refusal to give the peremptory instruction requested by the defendant at the close of the whole case. Daniels v. Railroad, 13 L. R. A. 249; Walsh v. Railroad, 145 N. Y. 301; Ryan v. Tower, 92 A. S. R. 483, 61 N. J. L. 635; Koons v. Railroad, 65 Mo. 592; Nagle v. Railroad, 75 Mo. 661; Wheeler v. Stock Yards Co., 66 Mo. App. 269. Contributory negligence: Payne v. Railroad, 129 Mo. 421; Schmitt v. Railroad, 160 Mo. 58; Roberts v. Tel. Co., 166 Mo. 384. (2) The court erred in giving instruction numbered two as requested by the plaintiff. It wholly ignores the issues tendered by the pleadings and authorizes a recovery upon the facts embraced in the pleadings and unsustained by the evidence. It submits issues to the jury not tendered by the pleadings. There is no allegation in the petition that the plaintiff was wanting in

mental capacity of one of his age. There was no evidence that the plaintiff was not without judgment or intelligence or discretion of a boy of his age. This instruction both enlarges and restricts the issue tendered by the pleadings, and ought not to have been given. Bank v. Murdock, 62 Mo. 73; McFadin v. Catron, 120 Mo. 274; Schaaf v. Fries, 77 Mo. App. 355; May v. Crawford, 150 Mo. 528; Willmot v. Railroad, 106 Mo. 547; Fitzgerald v. Hayward, 50 Mo. 523; Hanheide v. Transit Co., 104 Mo. App. 330; Eswin v. Railroad, 96 Mo. 295.

*McCluer, Robinson & Yoder* and *A. S. Lyman* for respondent.

(1) There is an invitation to children of immature age to visit premises and play thereon when things of an attractive nature, such as this, are left open and unguarded in such a manner as to attract them thereto. Nagel v. Railroad, 75 Mo. 661; Railroad v. Stout, 17 Wall. 657; Barrett v. Railroad, 91 Cal. 296; Railroad v. Fitzsimmons, 22 Kan. 686; Ferguson v. Railroad, 77 Ga. 102; Edgington v. Railroad, 116 Iowa 410; Railroad v. Cargill, 9 Am. Neg. 200; Thompson on Negligence, sec. 1026. (2) The court did not err in giving instruction one. It is an exact copy of one approved by the Supreme Court, in the case of Schmitz v. Railroad, 119 Mo. 269; Holden v. Railroad, 84 S. W. 133; Cotant v. Suburban Co. (Iowa), 16 Am. Neg. 26.

ELLISON, J.—The plaintiff at the time complained of was twelve years and two months old. He brought the present action for personal-injury received by him at one of defendant's abandoned turntables situated on open ground in Kansas City. The judgment was for plaintiff and defendant appealed.

The petition charges that defendant owned and controlled a turntable which it had ceased to use. That it

was unfastened and was without lock and was unprotected by enclosure or otherwise. That it was attractive to children and did attract them thereon to play; "of all of which and of the unsafe and dangerous condition of said turntable defendant had knowledge. That all said conditions and facts had existed for such a length of time that the defendant by the exercise of ordinary care would have known the same. . . . That plaintiff's injury was caused by defendant's negligence in not guarding, fastening, locking, and protecting said table." There was evidence in the cause tending to show that defendant abandoned the turntable in the spring of 1902 and that during the following summer and fall children would play on it from time to time by riding around upon it. There was also evidence tending to show that when abandoned it was made secure and safe by defendant so that it could not be revolved. In such condition of the pleadings and evidence the court gave instruction numbered two for the plaintiff purporting to cover the whole case and directing a verdict for plaintiff if the matters submitted were believed, which entirely omitted any hypothesis of defendant's negligence; or of its knowledge that the table was unfastened and was being revolved by children at play; or that by ordinary care, as charged in the petition, it could have known of such condition. The instruction, as drawn, was tantamount to a peremptory direction to find for plaintiff. For the evidence left no doubt that in point of fact the table was not fastened when children were playing upon it. The jury were simply directed that if they believed that children were in the habit of resorting to the table, and that it was unfastened, and that plaintiff was hurt while at play thereon, while in the exercise of the care to be expected from a boy of his age, they should find a verdict. It was manifestly erroneous. [May v. Crawford, 150 Mo. 528; Willmott v. Railroad, 106 Mo. 547; Fitzgerald v. Hayward, 50 Mo. 523; Iron Mt. Bank v. Murdock, 62 Mo. 73; Schaaf v. Fries, 77 Mo. App. 355.]

We are of the opinion that it was proper to submit to the jury the age and capacity of plaintiff in passing upon the question whether he was exercising proper care. Anderson v. Railroad, 161 Mo. 411, 424-427. But we regard some of the language used in the instruction as somewhat confusing. There are numbers of approved precedents on that phase of the case which can be safely followed.

We are of the opinion that no error was committed in refusing defendant's instruction in the nature of a demurrer to the evidence.

The judgment will be reversed and the cause remanded. All concur.